**CENTRAL POWER CO. v. UNITED STATES.**

No. 44219.

Court of Claims.

May 4, 1942.

William L. Latimer, of Chicago, Ill., for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and MADDEN, JONES, WHITAKER, and LITTLETON, Judges.

JONES, Judge.

For many years prior to and during the year 1930 plaintiff owned and operated a canal in Nebraska which was used in connection with its operation of a hydroelectric generating plant. The canal was located near the right-of-way and tracks of the Union Pacific Railway Company.

An unprecedented amount of rain fell in that area during the first few days of June 1930, the final precipitation measuring six or eight inches. The small creeks and dry creeks, otherwise flowing into the canal, overflowed, causing a break at one point in the canal. The flood waters washed out approximately 2,000 feet of the tracks of the railroad and caused other damage to property in that locality. A gate to the first wasteway in plaintiff's canal was not in operative condition and this apparently augmented the effect of the flood and contributed to the damage caused by the overflow.

On August 20, 1930, the railroad company presented a claim against plaintiff in the sum of $63,940.73 on account of damages to its properties. Conferences were held between representatives of plaintiff and defendant and various proposals and counter proposals of settlement were made over a considerable period.

In September 1931, the controversy not having been settled, the railroad company instituted suit. The negotiations continued and finally the matter was settled in early March 1932, for a total sum of $22,500, plaintiff paying to the railway company $7,500 in cash and executing ten notes for $1,500 each, all of which were paid in 1932.

On September 11, 1933, plaintiff filed its completed Federal income tax return for 1932 showing a loss of $70,504.53 and no tax due. In that return plaintiff claimed a deduction of $22,500 on account of flood damage.

Later plaintiff filed application for refund for the year 1930 claiming that its loss on account of flood damage occurred in 1930. Apparently for protection it also filed a claim for refund for the year 1931. Its books were kept on an accrual basis.

The question is whether plaintiff was entitled to a deduction for the claimed item, due to flood loss, in the computation of its Federal income taxes for the year 1930, or for the year 1931.

█ The general rule is that losses are to be taken when they are realized. There is an exception to this rule. The exception is clearly stated by the Supreme Court in Lucas v. American Code Co., 280 U.S. 445, 449, 50 S.Ct. 202, 203, 74 L.Ed. 538, 67 A.L.R. 1010: "Exception is made, however [to the general rule of realized losses or gains], in the case of losses which are so reasonably certain in fact and ascertainable in amount as to justify their deduction, in certain circumstances, before they are absolutely realized."

We do not think plaintiff was entitled to a deduction for either of the years 1930 or 1931.

The railway company sustained a loss in 1930 when the flood came, it being the owner of the property.

The plaintiff's loss did not become certain in fact or in amount during 1930 or 1931. Its loss, conditioned on liability to the railway company, was a contingent one based on a tort or alleged failure to keep the waste gate in operative condition. Negligence is a matter of affirmative proof. The excessive rainfall in the drainage area of the canal is a further complicating factor in the question of whether there was negligence and consequent liability. Apparently representatives of both plaintiff and the railway company regarded the evidence of negligence as rather strong but the various proposals of settlement show that it was not merely a question of ascertaining the amount of property loss, but that the fact, as well as the amount, of liability was still in the negotiation stage. Suit was filed late in 1931. Settlement was made in 1932. Not until then was either the fact or the amount of liability definitely established.

It is contended that the fact that no answer was filed by plaintiff to the suit of the railway company constituted an admission of negligence, thus fixing liability. The facts are to the contrary. There was an agreement for an extension of time within which to file answer pending continuation of efforts to settle the controversy. This is not unusual. Attorneys for plaintiff and defendant occupied adjoining offices. Plaintiff's attorney had said to counsel for the railway company in October 1931, "If we have to try it [the lawsuit], why, I am ready to answer, but I don't want to try it, and I don't suppose you do, at this term. Now, will you agree with me that we can have sixty days additional in which to answer, and if we don't arrive at an agreement of some sort, why we will try it in the spring?" Practicing lawyers understand such courtesies. Their entire conversation as well as prior and subsequent correspondence contradict any such direct admission of negligence on the part of plaintiff as would fix liability. It may be added that the general attorney for the railway company in a letter dated May 25, 1931, to the president of the plaintiff company, had stated: "Since our conference on the 20th relative to above claim, I have gone over the matter very carefully with our engineers and have considered the contentions made by you, but I am still of the opinion that the Central Power Company is liable."

This letter clearly indicates lack of agreement as to liability.

Nor were the identifiable facts sufficient to bring the case within the exception to the rule. No deduction on account of flood loss was claimed by plaintiff in making income tax returns in either 1930 or 1931. The letters dated February 13, 15, and 16, 1932, between representatives of plaintiff and the railroad company, quoted in Finding 9, show clearly that complete settlement had not been agreed upon as of those dates.

Plaintiff was given credit in 1932, the year in which both the liability and the amount became definitely fixed. While it was unfortunate for the plaintiff that this loss was realized in a year when other losses were incurred, the undisputed facts preclude any other finding. To permit a deduction for a contingent loss in a negligence case before the fact of liability is definitely established, and therefore before there is any certainty of liability, could but add confusion in applying the principles of taxation.

The petition is dismissed. It is so ordered.